IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
        Plaintiff :
:
:
v. : CRIMINAL NO. 1:CR-05-51-03
:
:
EDWARD JAMES BROWN, :
        Defendant :

*M E M O R A N D U M*

*I.    Introduction*

Defendant Edward James Brown, an inmate at FCI - Loretto, has filed a petition for writ of audita querela, which we have construed as a motion pursuant to 28 U.S.C. § 2255. *See* Order of Aug. 20, 2009. In his motion, Brown alleges that his sentence violates the Double Jeopardy Clause of the Fifth Amendment. The Government filed an opposition brief in response to our Order to Show Cause. After review, we will deny the motion.

*II.    Background*

On February 2, 2004, the Defendant was indicted on charges of conspiracy to distribute crack cocaine and possession with intent to distribute and to possess with intent to distribute crack cocaine. On July 12, 2005, the government, pursuant to a plea agreement, filed a criminal information charging the Defendant with two separate instances of aiding and abetting interstate travel to facilitate the distribution and possession with intent to distribute crack cocaine in violation of 18 U.S.C. § 1952(a)(3) and 2 (the "Travel Act"). Brown pleaded guilty to the two-count

information and, on October 17, 2005, was sentenced to 120 months imprisonment, consisting of two 60-month sentences to be served consecutively.

*III.     Discussion*

Brown argues that his sentence is "unconstitutional and void on its face" because it violates the bar against Double Jeopardy.  Essentially, he claims that he should only have been sentenced to 60-months total, not 120-months, as the Travel Act does not allow for sentences to run consecutively.

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  The Clause affords a defendant three basic protections: (1) against a second prosecution for the same offense after acquittal; (2) against a second prosecution for the same offense after conviction; and (3) against multiple punishments for the same offense.  *Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536 (1984).  We are concerned with the third prong because Brown argues he received multiple punishments for the same offense.

The Travel Act counts relate to two different and separate occurrences.  One occurred on September 30, 2004 and the other on October 13, 2004.  Contrary to Brown's assertions, these occurrences are not the same transaction for purposes of Double Jeopardy.  *Blockburger v. United States*, 284 U.S. 299, 301, 52 S.Ct. 180 (1932).  Thus, we reject the Defendant's argument.

Finally, Brown argues that Congress did not intend for his sentences to run consecutively.  We reject this argument.  "The presumption when Congress creates two distinct offenses is that it intends to permit cumulative sentences, and legislative silence on this specific issue does not establish an ambiguity or rebut this

2

presumption." *Garret v. United States*, 471 U.S. 773, 793, 105 S.Ct. 2407 (1985). We find nothing in the Travel Act that allows us to conclude that Congress intended for violations of the Act to run concurrently. We find Brown's argument to be without merit.

*IV.     Certificate of Appealability*

We will also deny a certificate of appealability, based on the analysis in this Memorandum. However, Brown is advised that he has the right for sixty (60) days to appeal our order denying his § 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals. *See* Federal Rule of Appellate Procedure 22.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge

Date: November 5, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA :
    Plaintiff :
:
:
    v. : CRIMINAL NO. 1:CR-05-51-03
:
:
EDWARD JAMES BROWN, :
    Defendant :

*O R D E R*

AND NOW, this 5th day of November, 2009, upon consideration of Defendant's motion under 28 U.S.C. § 2255 (doc. 263), and pursuant to the accompanying Memorandum, it is ordered that:

    1. Defendant's § 2255 motion is denied.

    2. Defendant's motion for bail (doc. 271) is dismissed as moot.

    3. A certificate of appealability is denied.

                           /s/William W. Caldwell
                            William W. Caldwell
                            United States District Judge